# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES ALLEN MORRIS,**

    **Petitioner,**

v.                                     **CIVIL ACTION NO. 1:04CV229**

**K.J. WENDT,**
    **Respondent.**

## MEMORANDUM OPINION AND ORDER DISMISSING PETITION

Pro se petitioner James Allen Morris ("Morris"), an inmate at FCI-Gilmer, brings this petition pursuant to 28 U.S.C. § 2241, challenging the BOP's policy forbidding inmates from retaining possession of their presentence reports ("PSR") in their cells. Morris also seeks to amend his complaint to include two additional pleadings.

In accordance with Local Rule of Prisoner Litigation 83.09, the Court referred the matter to Magistrate Judge John S. Kaull, who filed a Report and Recommendation recommending that Morris' motion to amend be denied and that his complaint be dismissed with prejudice. Subsequently, Morris objected to the Magistrate's finding. For the following reasons, this Court **AFFIRMS** the Magistrate's recommendation (dckt no. 7) and **DISMISSES WITH PREJUDICE** Morris' petition (dckt no. 1).

## I. INTRODUCTION

Morris is an inmate at FCI-Gilmer who intends to file a 28 U.S.C. § 2255 petition challenging information contained in his

Morris v. Wendt                                              1:04CV229

## MEMORANDUM OPINION AND ORDER

Presentence Report ("PSR").[1] In order to perfect his petition, he requested access to his PSR. The BOP, however, only permitted him to review the document for thirty minutes in the presence of his unit's case manager. Morris found this time limitation to be insufficient because it prevented him from constantly referring back to the PSR while he researched legal issues. He claims that FCI-Gilmer is unable to accommodate his need for constant access because there is only one case manager in his unit.

Consequently, on April 27, 2004, Morris requested a personal copy of his PSR pursuant to the Freedom of Information Act ("FOIA"). By letter dated May 13, 2004, Bill Burlington, Regional Counsel for the BOP, responded by advising Morris that BOP Program Statement 1351.05 "Release of Information" no longer allows inmates to possess a copy of their PSR. He further advised that Morris could "access and review [his] PSR by following the local procedures for gaining access to [his] central file."

On May 25, 2004, Morris appealed Burlington's decision to the Attorney General's Office of Information and Privacy ("OIP"). The OIP informed Morris of his right to review his PSR with a member of the prison unit staff and stated that prisoners cannot retain their

---

[1] This Court will assume the veracity of all of the allegations in the petition and construe them in the light most favorable to petitioner. Holsey v. Bass, 519 F. Supp. 395, 397 (D. Md. 1981).

2

PSRs because "it could reasonably be expected to cause physical injury or adversely affect the security, safety, or good order of the institution in which you are incarcerated." Because Burlington had not denied Morris total access to any responsive records, the OIP advised Morris that it could not take any action on his appeal, and further advised him that he could file an action under 5 U.S.C. § 552(a)(4)(B), the FOIA statute, if he disagreed with its decision.

Morris now brings a § 2241 petition asking this Court to order the BOP to provide him with a personal copy of his PSR. He also requests leave to amend his complaint to add amended pleadings numbered one and two. The Court will first consider whether leave to amend should be granted.

## II. MOTION TO AMEND

Morris' first amended pleading claims that the BOP improperly categorized a violation report, for making a prohibited three-way call, as a 297 violation. His second amended pleading raises allegations of inadequate medical treatment. The events which give rise to these claims occurred prior to the filing of the present action.

"An amended pleading is one which clarifies or amplifies a cause of action which can be identified with certainty as the same cause of action originally pleaded or attempted to be pleaded. It

is a perfection of an original pleading rather than the establishment of a new cause of action." Williams v. Joliet Corrections Med. Unit, 2000 U.S. Dist. LEXIS 1522, *11 (N.D. Ill. Feb. 4, 2000). See Superior Mfg. Corp. v. Hessler Mfg. Co., 267 F. 2d 302, 304 (10th Cir. 1959); Klos v. Haskell, 835 F. Supp. 710, 715 (W.D.N.Y. 1993). A supplemental pleading is one which contains events that occurred subsequent to the date of the pleading sought to be supplemented. Fed. R. Civ. Pro. 15(d).

Because the claims raised in Morris' amended pleadings have no relationship to his underlying claim, and refer to events that occurred prior to the filing date of his original pleading, the Court **DENIES** Morris' motion to amend (dckt no. 3).

### III. SECTION 2241 PETITION

The Court also **DENIES** Morris' § 2241 petition because requests for access to a PSR must be brought in the context of a civil FOIA action. See Harrison v. Lappin, 2005 U.S. Dist. LEXIS 5653, *11 (D.D.C. Mar. 31, 2005) (dismissing Bivens action brought by inmate who was denied a copy of his PSR because "FOIA is a comprehensive statutory scheme to resolve all issues associated with the release of government documents"). See also United States v. Antonelli, 371 F. 3d 360 (7th Cir. 2004); United States v. Pugh, 69 Fed. Appx. 628, 2003 WL 21640504 (4th Cir. July 14, 2003)(unpublished).

Morris received notice of this procedure when the OIP advised him to file an action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), if he disagreed with its decision. Accordingly, Morris' § 2241 petition should be **DISMISSED** as improperly filed (dckt no. 1).

### III. CONCLUSION

Because both Morris' motion to amend and his § 2241 petition are improperly filed, the Court **AFFIRMS** Magistrate Kaull's findings (dckt no. 7), **DENIES** Morris' motion to amend (dckt no. 3), and **DISMISSES WITH PREJUDICE** Morris' petition (dckt no. 1).

All other motions are **DENIED AS MOOT** in light of the Court's ruling.

It is so **ORDERED**.

The Clerk is directed to mail a certified copy of this Order to the petitioner, to counsel of record, and to Magistrate Judge Kaull.

Dated: August ____9____, 2005.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE